**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4117**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COLEEN MILLICENT WILLIAMS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., District
Judge.  (6:03-cr-00231-GRA)

———————

Submitted:  July 14, 2006            Decided:  August 14, 2006

———————

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Jonathan Scott Gasser, Assistant
United States Attorney, Greenville, South Carolina, Isaac Louis
Johnson, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville,
South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Coleen Millicent Williams appeals her ninety-seven month prison sentence resulting from her conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (2000), and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 (2000). Williams' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal. Williams has been notified of her right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

Williams contends that her sentence was unreasonable. After United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines, but still must calculate and consider the guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). We will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id.

The district court properly calculated the sentencing guideline range of seventy-eight to ninety-seven months' imprisonment.* As Williams' ninety-seven month prison sentence is within the properly calculated guideline range, it is presumptively

---

*In so concluding, we reject any argument that the district court abused its discretion by adding two levels to Williams' base offense level on account of her leadership role in the offense.

- 2 -

reasonable. <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir. 2006). Williams has not rebutted that presumption as the district court appropriately treated the guidelines as advisory, considered the guideline range, and weighed the relevant factors under 18 U.S.C. § 3553(a) (2000).

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>